Appellants, Carol and Joy Pratt, appeal from the judgment of the Trumbull County Court of Common Pleas, Juvenile Division, entered on July 31, 2000. The judgment granted permanent custody of the minor child, Melinda Joy Wright, to the Trumbull County Children Services Board ("TCCSB"). Appellants are the maternal grandparents of the child. They sought custody of the child. The trial court granted appellants motion to intervene as a party on July 9, 1999. The child's parents, Linda and Richard Wright, have not filed an appeal.
Melinda Joy Wright was born on May 18, 1999. At that time, her three siblings were in the temporary custody of Summit County Children Services Board, and permanent custody proceedings were in progress. Melinda Joy Wright was born with significant medical problems and remained in the hospital for twenty-nine days after birth. On June 15, 1999, TCCSB filed a motion for emergency temporary custody which was granted that day. The child was released from the hospital directly to the custody of TCCSB. On August 5, 1999, the Summit County Children Services Board was granted permanent custody of the three siblings.
When Melinda Joy Wright was born, her father was in prison for raping her mother's sister. This act occurred in the presence of two of Melinda's siblings. Mr. Wright will be released in November 2001. In the Summit County custody proceedings, Linda Wright was found to have emotional and mental difficulties severe enough to render her incapable of providing a permanent home for her children.
TCCSB filed its motion for permanent custody on November 18, 1999. Hearings were conducted before a magistrate over a period of five days, concluding on May 1, 2000. Linda Wright testified in support of appellant's motion for custody, and did not advance her own case for retaining custody. On May 9, 1999, the magistrate filed his decision which recommended granting permanent custody to TCCSB.
The magistrate's decision was based on a number of findings of fact. The magistrate found that, in the Summit County proceedings, the guardianad litem had determined appellants were an unsuitable option for placement of the three children. Appellants withdrew their motion for custody in Summit County before the court ruled.
The magistrate found:
 1]. TCCSB had conducted an independent investigation and concurred with the Summit County GAL report;
 2]. Linda Wright was living with appellants and planned to reunite with her husband, when he is released from prison;
 3]. appellants have poor judgment because they believe Linda Wright could care for the child and would release the child to her;
 4]. allowing Linda Wright to have a significant amount of time with the child posed a risk to the child;
 5]. appellants demonstrated poor judgment by assisting Mr. Wright, after he was charged with raping their daughter;
 6]. appellants were not committed to long term care of the child and appellants had said they would give the child to its parents;
 7]. when appellants had custody of the Summit County siblings, they failed to provide for those children's special needs; and,
8]. the child's uncle lived several houses away from appellants.
The magistrate also concluded that the uncle had engaged in inappropriate sexual behavior with his sister over twenty years ago, when they were teenagers. There was also an allegation that the uncle had inappropriate contact with one of the Summit County siblings. Implicit in the statement of these findings is the conclusion that the uncle may pose a risk to the child. Based on these facts, the magistrate recommended appellants' motion for custody be denied.
On May 23, 1999, appellants filed objections to the magistrate's decision. Appellants argued the magistrate's decision was against the manifest weight of the evidence and enumerated four separate points, each of which involved findings of fact. Appellants failed to provide the trial court a transcript of the proceedings, as required by Juv.R. 40(E)(3)(b). The transcript was provided to this court in conjunction with the appeal and, thus, obviously was available within the meaning of the rule. The trial court decided that the magistrate's decision complied with the applicable rules and statutes, and that there were no errors on the face of the decision; it then adopted the magistrate's decision verbatim, changing only those words necessary to convert it to a judgment entry. From this judgment, appellants timely filed their notice of appeal, assigning the following error:
 "The trial court erred in granting permanent custody of the minor child Melinda Joy Wright to Trumbull County Children Services Board stating that a relative placement was not possible because the maternal grandparents were inappropriate."
Appellants argue that the trial court "ignored the evidence that was presented at the hearing when making its determination," and thus reached a conclusion that was against the weight of the evidence. Appellants ask this court to undertake an analysis which would require a review of the testimony at the hearing. Unfortunately, appellants' failure to provide the trial court with the transcript of the evidence in conjunction with their objections to the magistrate's decision was fatal to an appeal on that basis. See, In the Matter of O'Neal (Nov. 24, 2000), Ashtabula App. No. 99-A-0022, unreported at 7, 2000 Ohio App. LEXIS 5460, citing In theMatter of Pollis (May 8, 1998), Trumbull App. No. 97-T-0066, unreported, at 4, 1998 Ohio App. LEXIS 2122.
In order to obtain review of factual findings made by the magistrate, appellants needed to comply with Juv.R. 40(E)(3)(b), which states:
 "Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may only object to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of the evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." (Emphasis added.)
"The duty to provide a transcript or affidavit of the proceedings to the juvenile court rests with the party objecting to the magistrate's decision. This court has held on numerous occasions that the objecting party's failure to provide the juvenile court with a proper record per Juv.R. 40(E)(3)(b) constitutes waiver of the alleged error on appeal."O'Neal, supra, at 6; Pollis, supra, at 4; In the Matter of Stone (Sept. 15, 2000), Lake App. No. 99-L-109, unreported, at 5-6, 2000 Ohio App. LEXIS 4209; See, also, Civ.R. 53(E).
Although appellants have subsequently filed a transcript with this court, we are not able to consider evidence which was not before the juvenile court at the time it made its decision. Yancey v. Haehn (Mar. 3, 2000), Geauga App. No. 99-G-2210, unreported, 2000 Ohio App. LEXIS 788. We are required to presume that the record supports the actions of the juvenile court unless appellant can demonstrate otherwise. Pollis at 5. All of appellants' arguments have their basis in disputing the factual determinations made by the trial court. Appellants do not point out any error of law based upon the factual determinations which were made. Appellants fail to demonstrate the record does not support the trial court's decision.
Appellants' assignment of error is without merit. The judgment of the trial court is affirmed.
 ________________________________ JUDGE ROBERT A. NADER
O'NEILL, P.J., dissents with dissenting opinion,
CHRISTLEY, J., concurs.